IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JACQUELINE LERMA § | |
|    *Plaintiff,* § | |
| § | |
| V. § | CIVIL ACTION NO.5:20-cv-00053 |
| § | |
| HAWAIIAN STYLE, LLC, dba BIG § | |
| PAPA'S PIZZA & SPORTS BAR, § | |
| GUTHRIE DUCHENE-KORPA, § | |
| INDIVIDUALLY, ADRIANA PECLAT- § | |
| KORPA, INDIVIDUALLY § | |
|    *Defendants.* § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Now comes JACQUELINE LERMA, Plaintiff, on behalf of all present and former employees who were not properly paid overtime and brings this Fair Labor Standards Act ("FLSA") claim against HAWAIIAN STYLE, LLC, dba BIG PAPA'S PIZZA & SPORTS BAR, hereinafter ("Hawaiian Style"), GUTHRIE DUCHENE-KORPA, INDIVIDUALLY, and ADRIANA PECLAT-KORPA, INDIVIDUALLY, hereinafter referred to as Defendants, and would respectfully show unto the Court as follows:

I.

## NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-

half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants violated the FLSA by failing to pay Plaintiff, in addition to any other present and/or former employee during the prior two or three year period, for all of overtime hours. Plaintiff was not compensated at the rate of time and one-half her regular rate of pay when she worked outside her normal work schedule of forty hours per week.

## II.

## PARTIES

3. Plaintiff JACQUELINE LERMA is a resident of Schertz, Guadalupe County, Texas, and was employed by Defendant as a server and manager within the meaning of the FLSA.

4. Defendant HAWAIIAN STYLE, LLC, dba BIG PAPA'S PIZZA & SPORTS BAR is a business entity run and operated by Guthrie Duchene-Korpa and Adriana Peclat-Korpa. Defendant Hawaiian Style, LLC, dba Big Papa's Pizza & Sports Bar may be served by private process by serving its registered agent: Guthrie Duchene-Korpa, 2057 Baseline Dr., Grand Junction, CO 81507, or wherever he may be found and personally served. A request for waiver of summons will first be issued.

5. Defendant GUTHRIE DUCHENE-KORPA, INDIVIDUALLY, is an individual doing business in Guadalupe County, Texas. Defendant may be served by private process by serving him at: Guthrie Duchene-Korpa, 2057 Baseline Dr., Grand Junction, CO 81507, or wherever he may be found and personally served.

6. Defendant ADRIANA PECLAT-KORPA, INDIVIDUALLY, is an individual doing business in Guadalupe County, Texas. Defendant may be served by private process by serving her at:

Adriana Peclat-Korpa, 2057 Baseline Dr., Grand Junction, CO 81507, or wherever she may be found and personally served.

### III.

### JURISDICTION & VENUE

7. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

8. Venue is proper in this District of Texas because the events forming the basis of the suit occurred in this District. Moreover, Defendant does business in and has a location in Schertz, Texas.

### IV.

### NATURE OF THE SUIT

9. At all material times, Defendants acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff.

10. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales

made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

14. Defendant violated the FLSA by failing to pay Plaintiff for all of her overtime hours. Plaintiff was not compensated at the rate of time and one-half her regular rate of pay when she worked more than forty hours per week.

15. Plaintiff intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure. Plaintiff requests that discovery be conducted under Level 3, and that non-expedited discovery rules apply as damages exceed $100,000 and involve non-monetary relief.

## IV.

## MISNOMER / MISIDENTIFICATION

16. In the event that any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein.  Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## V.

## FACTS

17. Defendant is a restaurant location in Schertz, Texas.  It serves customers in Texas and does more than $500,000 annually in business.

18. Plaintiff worked for Defendant as a server and manager.  She regularly worked 40 or more hours in a work week.  However, Plaintiff was not compensated for the time in excess of 40 hours per week that she worked for Defendant.

19. Plaintiff was paid on an hourly basis but was not compensated at the rate of time and one half her regular rate of pay for the hours she worked outside of her regular shifts.  Because Plaintiff regularly worked 40 or more hours per week, any extra time she worked would be considered overtime.

20. Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff.  Plaintiff complained to Defendants about Defendants' failure to pay time-and-a-half for hours in excess of 40 hours in a workweek.  Defendants never fixed the problem after Plaintiff complained.

21. Plaintiff and Defendants previously entered into an agreement to acquire ownership shares and create a business partnership in 2016. The purpose of the agreement was to create a partnership for the sharing of profits in Hawaiian Style, LLC, dba Big Papa's Pizza & Sports Bar ("Big Papa's").  At the time, Plaintiff and Defendants, along with five other individuals, agreed to enter into a partnership agreement.

22. Following the departure of other partners in 2018, the partnership agreement provided for a larger share of ownership for Plaintiff.  Guthrie Duchene-Korpa and Adriana Peclat-Korpa represented to employees, customers, and numerous other individuals that Plaintiff and they were partners.

23. After Plaintiff relied on these representations, performed work, and made investments on the partnership, Defendants unilaterally told Plaintiff that she "does not share the same values" as they and that the business was "going in a different direction".  Defendants additionally refused to provide an accounting, share in the profits and proceeds, nor paid overtime for the work Plaintiff performed.

## VI.
## CAUSE OF ACTION:  FAILURE TO PAY WAGES IN

## ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

24. During the relevant period, Defendant violated and is violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.  Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

## VII.

## RELIEF SOUGHT

25. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff; and

   b. For an Order awarding Plaintiff the costs of this action;

   c. For an Order awarding Plaintiff attorney's fees; and

   d. For and Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

And for such other and further relief to which Plaintiff may be justly entitled.

**Respectfully Submitted,**

**BY** */s/ Lorna R. Griffin*
**Adam Poncio**
**State Bar No. 16109800**
salaw@msn.com
**Alan Braun**
**State Bar No. 24054488**
abraun@ponciolaw.com
**Lorna R. Griffin**
**State Bar No. 24109947**
lgriffin@ponciolaw.com

**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Road, Suite 109**
**San Antonio, Texas 78229-3550**
**Telephone: (210) 212-7979**
**Facsimile: (210) 212-5880**

*ATTORNEYS FOR PLAINTIFF*